UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                                CASE NO.: 14-33165-RAM
                                                                              CHAPTER 13
Rosaura Torres,

    Debtor.
_____/

RESPONSE TO DEBTOR'S MOTION TO REQUEST
STATE COURT FORECLOSURE CASE TO BE DISMISSED

    **COMES NOW,** Reverse Mortgage Solutions Inc. ("Secured Creditor"), by and through its undersigned counsel, and files its Response to Debtor's Motion to Request State Court Foreclosure Case to be Dismissed (Docket Entry 77) and, in support thereof, states as follows:

1. Debtor, Rosaura Torres, filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on October 17, 2014.

2. Secured Creditor holds a security interest in the Debtor's real property, located at 13453 SW 62 Street, Miami, Florida 33183, for a reverse mortgage, by virtue of a Mortgage recorded on January 14, 2002 in Book 20137 at Page 3434 in the Public Records of Miami-Dade County, Florida.

3. Secured Creditor filed a foreclosure proceeding, 2013-015740-CA-01, against Debtor on May 1, 2013, in the Circuit Court of the Eleventh Judicial Circuit of the Miami-Dade County. Please see foreclosure docket attached as "Exhibit A."

4. In the foreclosure proceeding, on or about May 31, 2013, Debtor filed a Motion to Dismiss the foreclosure proceeding. On or about April 8, 2014, the Honorable Eleventh Judicial Circuit of Miami-Dade County DENIED Debtor's Motion.

5. In the foreclosure proceeding, on or about May 31, 2013, Debtor filed a Motion to Stay Proceeding. On or about April 18, 2014, the Honorable Eleventh Judicial Circuit of Miami-Dade County DENIED Debtor's Motion. The Rooker-Feldman doctrine dictates that this Court does not have jurisdiction to act as a court of appeals for state court decisions. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923). Debtor must seek remedy within the foreclosure court.

6. In the foreclosure proceeding, on or about September 18, 2014, Debtor filed a Motion to Stay Proceeding. The current bankruptcy was then filed on October 20, 2014.

7. Pursuant to the 11 U.S. Code Sect. 105(a), "The court may issue...that is necessary or appropriate to carry out the provisions of this title."Currently, the Debtor has been discharged on September 8, 2016, which Secured Creditor does not dispute. This Honorable Court should not adjudicate on this matter because it will not perpetuate any of Debtor's bankruptcy goals.

8. Secured Creditor reserves the right to supplement its response prior to the hearing on this matter.

**WHEREFORE,** Secured Creditor respectfully requests this Honorable Court to refrain from adjudicating on a pending state court matter and to defer judgment to the appropriate court; the Miami-Dade Circuit Court.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 19, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Rosaura Torres, 13453 SW 62 St #4, Miami, FL  33183

Michael A. Frank, Esq., 10 NW Lejeune Rd #620, Miami, FL  33126

Nancy K. Neidich, POB 279806, Miramar, FL  33027

Office of the US Trustee, 51 S.W. 1st Ave., Suite 1204, Miami, FL  33130

Robertson, Anschutz & Schneid, P.L.
Authorized Agent for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
By: /s/Iris Kwon
Iris Kwon, Esquire
Email: Ikwon@rasflaw.com